UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELVIS NEELY *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:16-cv-03110-JMS-MJD ) ) |
| FACILITY CONCEPTS, INC., | ) ) |
| Defendant. | ) |

# ORDER

Elvis Neely was an employee at Facility Concepts, Inc. ("Facility Concepts") from July 2013 until he was involuntarily terminated in August 2016. [Filing No. 1-2 at 3.] Mr. Neely claims that Facility Concepts had an unfair and unlawful systematic policy of rounding its employees' pay in a manner detrimental to its employees. [Filing No. 1-2 at 3-4.] Mr. Neely initiated this litigation on behalf of himself and others similarly situated, alleging that Facility Concepts violated the Fair Labor Standards Act ("FLSA"), the Indiana Wage Payment Statute ("IWPS"), the Indiana Wage Claims Act ("IWCA"), and asserting a claim under the common law theory of quantum meruit. [Filing No. 1-2 at 7-11.] Facility Concepts has now filed a Partial Motion to Dismiss Plaintiff's Complaint or for Partial Judgment on the Pleadings, [Filing No. 10], and Mr. Neely opposes that motion, [Filing No. 13]. The motion is now ripe for the Court's consideration.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson,* 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standard that applies to a motion to dismiss under Rule 12(b)(6). *United States v. Wood,* 925 F.2d 1580, 1581 (7th Cir. 1991). A "court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F. 2d 357, 358 (7th Cir. 1987) (citing *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F. 2d 174, 177 n. 2 (7th Cir. 1986)). The Court should "take all well-pleaded allegations in the plaintiffs' pleadings to be true, and [should] view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs." *Republic Steel Corp.*, 785 F. 2d at 177 n. 2. However, "a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The documents a court may consider under Rule 12(c) include the complaint, the answer, and any written exhibits attached as exhibits [to either]." *N. Indiana Gun & Outdoor Shows, Inc.* 163 F. 3d at 452 452 (7th Cir. 1998) (citing Fed R. Civ. P. 10(c)). "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that [the moving party] is entitled to judgment as a matter of law." *Karaganis,* 811 F. 2d at 358 (citing *Flora v. Home Fed. Savings & Loan Ass'n*, 685 F. 2d 209, 211 (7th Cir. 1982)).

## II.
### BACKGROUND

Facility Concepts is a manufacturer of commercial furniture, décor, and fixtures in Indiana and Florida. [Filing No. 1-2 at 3.] Mr. Neely worked at Facility Concepts from July 2013 until he

was involuntarily terminated in August 2016. [Filing No. 1-2 at 3.] According to Mr. Neely, Facility Concepts engaged in time rounding practices that were detrimental to the employees. [Filing No. 1-2 at 5.] Mr. Neely claims that although the employees recorded their time, Facility Concepts did not compensate them based upon their actual time entries. [Filing No. 1-2 at 3.] He alleges that Facility Concepts calculated the hourly employees' pay in fifteen-minute intervals. [Filing No. 1-2 at 3.] He claims that it deducted at least fifteen minutes from its employees' pay when the employees "clocked in even a single minute late or clocked out even a single minute early." [Filing No. 1-2 at 3.] According to Mr. Neely, based on this policy and practice of downwardly adjusting the employees' time records, Facility Concepts was "underpaying its employees significant[ly] . . . on a daily basis." [Filing No. 1-2 at 4.]

Mr. Neely claims that his timecards were "similarly systematically altered." [Filing No. 1-2 at 4.] Prior to this lawsuit, he filed an Application for Wage Claim with the Indiana Department of Labor ("IDOL") and received a referral letter from the Office of Attorney General on behalf of the IDOL that authorized his lawyer to "represent the individual plaintiff" in pursuit of his claim. [Filing No. 1-2 at 5; Filing No. 1-2 at 15.]

**A. Federal Lawsuit**

On October 27, 2016, Mr. Neely initiated this litigation in state court on behalf of himself and others similarly situated, arguing that Facility Concepts violated the IWPS, the IWCA, common law theory of quantum meruit, and the FLSA. [Filing No. 1-2.] On November 14, 2016, Facility Concepts removed this litigation to this Court. [Filing No. 1.]

Mr. Neely proposes two Rule 23[1] class definitions for the state law claims and one FLSA collective action class definition. [Filing No. 1-2 at 6-8.] The first class ("Class 1") is defined as follows:

> All current and former hourly employees of Facility Concepts, Inc., (except employees who were involuntarily separated from their employment and who have not received a referral of their claim from the Indiana Department of Labor prior to the filing of this action) who (i) worked at a Facility Concepts, Inc., facility in the State of Indiana; and (ii) were not paid for the entire period between the actual time they clocked in and out for shifts and breaks.

[Filing No. 1-2 at 6.] Mr. Neely's second class ("Class 2") is defined as follows:

> All current and former hourly employees of Facility Concepts, Inc., who were not paid for the entire period between the actual time they clocked in and out for shifts and breaks.

[Filing No. 1-2 at 6.] Mr. Neely's FLSA class definition ("Class 3") is defined as follows:

> All current and former hourly employees of Facility Concepts, Inc., who were not paid for the entire period between the actual time they clocked in and out for shifts and breaks.

[Filing No. 1-2 at 8.]

Facility Concepts has filed a Partial Motion to Dismiss Plaintiff's Complaint or for Partial Judgment on the Pleadings challenging Mr. Neely's claims under the IWCA and the IWPS, and his quantum meruit claim. [Filing No. 11 at 1.] Mr. Neely opposes that motion, [Filing No. 13], and the motion is now ripe for the Court's consideration.

---

[1] Mr. Neely's Complaint cites to Indiana Rule of Trial Procedure 23 for his class action claims. [Filing No. 1-2 at 5.] This is likely because the lawsuit was originally filed in state court and was later removed to this Court. [*See* Filing No. 1.] The Court, however, will apply federal procedural law. *See Ritchie v. Glidden Co.,* 242 F.3d 713, 720 (7th Cir. 2001). Therefore, the applicable rule moving forward is Federal Rule of Civil Procedure 23.

## III.
### DISCUSSION

Facility Concepts raises three issues. First, it argues that Mr. Neely has failed to state a claim for relief under IWPS, [Filing No. 11 at 5]; second, it claims that the Court does not have subject matter jurisdiction over Mr. Neely's IWCA claim, [Filing No. 11 at 3]; lastly, it claims that his quantum meruit claim is preempted by the FLSA, [Filing No. 11 at 6]. The Court will address the issues accordingly.

### A. IWPS

Facility Concepts argues that Mr. Neely has failed to state a claim for relief under the IWPS because he was involuntarily terminated, and therefore cannot serve as a class representative. [Filing No. 11 at 6.] It claims that the IWPS applies to "current employees and those who have voluntarily left employment, either permanently or temporarily." [Filing No. 11 at 5 (citing Ind. Code § 22-2-5-1(b)).]

In response, Mr. Neely argues that he is capable of serving as class representative and that "[c]lass action case law has long recognized that the claims of each class member need not be identical to the claims of the class representative." [Filing No. 13 at 8.] He cites legal authority that he claims supports his position that "a class representative [can be] both typical and adequate [for] . . . a class composed of persons pursuing statutory claims that the class representative cannot." [Filing No. 13 at 8-10.] He further argues that "[t]he only distinction between the claims of the class members asserting claims under the [IWCA] from those asserting claims under the [IWPS] is the prerequisite of filing a claim with the [IDOL]" and that regardless of which statute applies, "the class member will need to demonstrate that s/he was due an amount greater than s/he has been paid . . . ." [Filing No. 13 at 11.]

In reply, Facility Concepts argues that Mr. Neely lacks standing because his employment was involuntarily terminated. [Filing No. 17 at 4.] It argues that Mr. Neely attempts to confuse the distinction between the IWPS and IWCA "by citing to cases, primarily from outside this jurisdiction, in which plaintiffs brought multi-state claims under various state statutes," and that Mr. Neely does not demonstrate how that legal authority explains the General Assembly's intent to make both the IWPS and IWCA explicitly different. [Filing No. 17 at 5.]

"To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974) (citations omitted)).

In order to have standing to pursue a claim under the IWPS, the claimant must have voluntarily left his or her employment, either permanently or temporarily. *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002) (citing Ind. Code § 22–2–5–1(b)). To pursue a claim under the IWCA, the claimant must have been involuntarily separated from his or her employment. *Reel v. Clarian Health Partners, Inc.*, 917 N.E.2d 714, 718 (Ind. Ct. App. 2009) (citing Ind. Code § 22–2–9–2(a)(b)). "[A] claimant under the [IWCA] must proceed through the Indiana commissioner of labor, who has the duty of investigating a claim and instituting an action on behalf of a claimant, whereas the [IWPS] permits a claimant to bring his or her own claim in 'any court having jurisdiction.'" *Treat v. Tom Kelley Buick Pontiac GMC, Inc.*, 646 F.3d 487, 490 (7th Cir. 2011) (citing Ind. Code § 22–2–5–2).

Mr. Neely acknowledges that he was involuntarily terminated and that his only resort would be to pursue a claim under the IWCA, which he has done. Although Mr. Neely argues that

he suffers the same injury as those who would pursue a claim under the IWPS, the IWPS and IWCA "each [ ] apply to different categories of claimants," *Bragg v. Kittle's Home Furnishings, Inc.*, 52 N.E.3d 908, 914 (Ind. Ct. App. 2016) (citations omitted), and they "provide the same remedy for similar wrongs, [but] they require distinct procedural steps before such a remedy may be granted," *Treat*, 646 F.3d at 490. Because Mr. Neely does not fall under the category of claimants who can pursue a claim under the IWPS, he cannot adequately represent the interests of those potential class members. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members"); *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action."). Accordingly, Mr. Neely's individual and class claims under the IWPS are dismissed.

### B. IWCA

Facility Concepts argues that the Court lacks subject matter jurisdiction[2] over Mr. Neely's IWCA claim because although he personally received his referral letter from the IDOL authorizing him to pursue his claim in court, each class member who pursues a claim under the IWCA is still required to exhaust his or her administrative remedies. [Filing No. 11 at 4-5.] Facility Concepts

---

[2] Facility Concepts raises this issue as a motion to dismiss for lack of subject matter jurisdiction. [Filing No. 11 at 3.] However, as pointed out by Mr. Neely, the issue of whether a plaintiff has exhausted administrative remedies which are a prerequisite to suit does not implicate federal subject matter jurisdiction and is better addressed under Rule 12(b)(6) rather than Rule 12(b)(1). *Grant v. U.S. Dep't of Hous. & Urban Dev.*, 2013 WL 2285568, at *1 (S.D. Ind. 2013); *Waters v. Anonymous Hosp. A,* 2011 WL 1458161 (S.D. Ind. 2011) (citing *Palay v. United States,* 349 F.3d 418, 424 (7th Cir. 2003)).

7

claims that "the law is clear that only the attorney general or his designee may seek damages contemplated by the IWC[A]" and that there is "no evidence before this Court that any member of proposed Class 1 other than [Mr.] Neely has exhausted his or her mandatory administrative remedies." [Filing No. 11 at 5.]

In response, Mr. Neely recites the definition of Class 1 and emphasizes that it excludes employees who were involuntarily terminated and did not receive a referral of their claim from the IDOL. [Filing No. 13 at 5.] He argues that "[i]t is beyond [dispute] that literally *by definition* every member of Proposed Class 1 who has been involuntarily terminated has satisfied the administrative requirement of the [IWCA]." [Filing No. 13 at 6 (original emphasis).] He further claims that Facility Concepts challenges "the adequacy of the proposed class definition, not the jurisdiction of this Court over the claims," and that this is not the proper time to make such a determination. [Filing No. 13 at 7.]

In reply, Facility Concepts argues that Mr. Neely's attempt to draft "Count I as a joint violation of both the IWPS and the [IWCA] does not change this Court's conclusion that claims arising under the [IWCA] are not subject to class treatment." [Filing No. 17 at 3.] Moreover, Facility Concepts also claims that the IDOL determines whether IWCA claims should be pursued on a class-wide basis, and that "the IDOL did not believe it was appropriate to join multiple claimants in [Mr.] Neely's action, either because [Mr.] Neely is the only involuntarily separated former employee of [Facility Concepts] who filed a claim with the IDOL or because the IDOL, in its discretion, did not deem the claims suitable for class treatment." [Filing No. 17 at 4.]

As noted above, a claimant who proceeds under the IWCA must first submit a claim with the IDOL before he or she is entitled to file a lawsuit in court. *Bragg*, 52 N.E.3d at 915-16. When the claim is submitted with the IDOL, the Commissioner of the IDOL "has the power to work with

the parties to try to resolve the claims, refer the matter to the attorney general, or provide the plaintiff with a recommendation to pursue the matter in the appropriate court." *Id.* at 918; Ind. Code § 22-2-9-4(a), (b). "[T]he act of filing a putative class action does not enable the putative class members to subvert the statutory requirements." *Reel*, 917 N.E.2d at 720.

Facility Concepts cites to no legal authority that precludes Mr. Neely altogether from pursuing a class action under the IWCA in this Court. Here, Mr. Neely claims that the class will only consist of members who exhausted their administrative remedies at the time that this lawsuit was filed. *See Lemon v. Wishard Health Servs.*, 902 N.E.2d 297, 300-01 (Ind. Ct. App. 2009) (explaining that "the plain language of the [IWCA] requires that the letter [from the IDOL] be obtained – and the administrative process followed – *before* the lawsuit is filed") (original emphasis). Additionally, Facility Concepts' position that the IDOL did not believe Mr. Neely's claim was suitable for a class action is unavailing. Decisions made during the administrative proceeding are not binding on this Court. For instance, if the Commissioner of the IDOL chose to resolve the claim and not make a referral, any determination that the Commissioner made based on the law and the documentation by the parties "does not represent formal findings, nor is it binding on the parties . . . . The [I]DOL considers the administrative process it provides to be more in the nature of mediation than a formal administrative review, and is not subject to judicial review." *Bragg*, 52 N.E.3d at 917. Mr. Neely will eventually be required to prove that his class action is suitable pursuant to the Rule 23 requirements and the Court's ruling should not be interpreted as a finding that he has done or can do so. However, at this stage of the litigation, Mr. Neely is only required to plead sufficient allegations showing that he is entitled to relief, and the Court finds that he has done so. Therefore, the Court denies Facility Concepts' motion to dismiss Mr. Neely's individual and class claims under the IWCA.

### C. Quantum Meruit

Facility Concepts argues that if Mr. Neely were able to pursue a quantum meruit claim, he would be entitled to only two years of damages, not six years as he states in the Complaint. [Filing No. 11 at 6.] Facility Concepts argues that in any event, Mr. Neely's quantum meruit claim is preempted by the FLSA given that the quantum meruit claim would cover the same two years that would be covered by the FLSA claim. [Filing No. 11 at 7.]

In response, Mr. Neely argues that he has sufficiently pled "allegations to support application of the discovery rule, fraudulent concealment, and the doctrine of continuing wrong," and that under each basis, the accrual date would not have arisen until April 1, 2015 at the earliest. [Filing No. 13 at 17.] He contends that the period of time for which he seeks compensation is referred to as the "gap time," and he cites to *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551 (S.D. Ill. 2010), as well as other district court cases, to explain that it refers to regular time for which the FLSA provides no relief. [Filing No. 13 at 13-15.]

In reply, Facility Concepts argues that Mr. Neely has abandoned his quantum meruit claim for unpaid overtime since he only seeks relief for "gap time." [Filing No. 17 at 6.] Facility Concepts argues that Mr. Neely's quantum meruit claim for "gap time" as he has explained in his response is preempted by the IWPS and the IWCA. [Filing No. 17 at 7.]

Given the concessions in Mr. Neely's response brief, the Court grants Facility Concepts motion to dismiss Mr. Neely's quantum meruit claim to the extent that he seeks compensation for overtime, given that such remedy is preempted by the FLSA. *See, e.g., Parker v. Schilli Transp.*, 686 N.E.2d 845, 851 (Ind. Ct. App. 1997) ("[I]n Indiana, claims for overtime compensation cannot be raised under the [Indiana] Wage Law and that the [FLSA] is the exclusive remedy for enforcing rights created under that federal statute"). Second, based on the Complaint and Mr. Neely's

10

response, the type of remedy that Mr. Neely seeks through his quantum meruit claim is regular unpaid wages. The Court draws this characterization from Mr. Neely's response where he explains that the "gap time" refers to compensation of the regular hours that he worked before reaching the forty-hour per week overtime threshold and at the rate that averages out to more than the applicable minimum wage. [Filing No. 13 at 13 (citing *Nicholson*, 2010 WL 551551, at *5).] Mr. Neely does not explain to what extent this "gap time" for unpaid regular wages differs from the wages that are recoverable under the IWPS and the IWCA. Identifying whether a distinction exists is important. In *Thomas v. H & R Block Eastern Enterprises*, 630 F.3d 659 (7th Cir. 2011), the Seventh Circuit Court of Appeals, in determining whether a particular type of compensation was considered a "wage" under the IWPS, explained as follows:

> Indiana's Wage Payment Statute, Ind. Code § 22–2–5–1 *et seq.,* requires employers to pay their employees' "wages" within ten days of the date they are earned, and allows employees to recover damages and attorney fees from employers who pay late. *See* Ind. Code §§ 22–2–5–1,–2; *Naugle v. Beech Grove City Schs.,* 864 N.E.2d 1058, 1063 (Ind. 2007). Because the Wage Payment Statute does not define "wages," Indiana courts look to the closely-related Wage Claims Statute, which defines wages as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or in any other method of calculating such amount." Ind. Code § 22–2–9–1(b); *see Highhouse v. Midwest Orthopedic Inst., P.C.,* 807 N.E.2d 737, 739 (Ind. 2004).
>
> As a preliminary matter, "[t]he name given to the method of compensation is not controlling. Rather, we will consider the substance of the compensation to determine whether it is a wage and, therefore, subject to the Wage Payment Statute." *Kopka, Landau & Pinkus v. Hansen,* 874 N.E.2d 1065, 1072 (Ind. Ct. App. 2007).

*Thomas*, 630 F.3d at 663-64. Additionally, the Indiana Supreme Court held that a bonus from an employer is considered a wage and therefore subject to the IWPS "if it is compensation for time worked and is not linked to a contingency such as the financial success of the company." *Highhouse*, 807 N.E.2d at 740.

11

The type of compensation that Mr. Neely seeks in his quantum meruit claim is considered "wages," and as noted above, such remedy is already available under the IWPS and IWCA. "[W]here a statute prescribes a remedy, it must be pursued, and resort cannot be had in such a case to the common law remedy." *Carnahan v. State*, 558 N.E.2d 845, 848 (Ind. Ct. App. 1990) (citing *Sanders v. State*, 85 Ind. 318, 323 (1882)); *see Monon R. Co. v. Citizens of Sherwood Forest Addition, Marion Cty.*, 257 N.E.2d 846, 849-50 (1970) (explaining that if a "statute provides for a procedure for such review or for a judicial remedy, it excludes any common law or equitable procedure to the extent such statutory provisions are adequate in protecting and preserving such substantive rights guaranteed by the constitution, the statutes or general principles of law . . . . Where the legislature creates a right and prescribes the method whereby the right may be enforced[,] the statutory remedy so provided is exclusive.") (citations omitted); *see also Grochowski v. Phoenix Const.*, 318 F.3d 80, 85 (2d Cir. 2003) ("It is an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, 'courts must be especially reluctant to provide additional remedies' . . . . [N]o private right of action exists under the [Davis–Bacon Act, and] the plaintiffs' efforts to bring their claims as state common-law claims are clearly an impermissible 'end run' around the [statute].") (citation omitted). If allowed to proceed, Mr. Neely's quantum meruit claim would be an attempt to circumvent the current procedural and damages limitations in the statutory remedies available. Accordingly, the Court dismisses Mr. Neely's individual and class claims under the common law theory of quantum meruit.

## IV.
### CONCLUSION

As set forth above, the Court **GRANTS** in part and **DENIES** in part Facility Concepts' Partial Motion to Dismiss Plaintiff's Complaint or for Partial Judgment on the Pleadings. [Filing No. 10.] The Court finds that Mr. Neely has failed to state individual and class claims under the

IWPS and the common law theory of quantum meruit. The Court also finds, however, that Mr. Neely can proceed with individual and class claims under the IWCA. Mr. Neely's FLSA claim, which was not address by Facility Concepts' motion, also remains.

Date: April 4, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Edward E. Hollis
FAEGRE BAKER DANIELS LLP (Indianapolis)
edward.hollis@faegrebd.com

Rozlyn M. Fulgoni-Britton
FAEGRE BAKER DANIELS LLP (Indianapolis)
rozlyn.fulgoni-britton@faegrebd.com

Sarah Elizabeth Caldwell Breslin
FAEGRE BAKER DANIELS LLP (Indianapolis)
sarah.breslin@faegrebd.com

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com