UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELVIS NEELY, *on behalf of himself and all others similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 1:16-cv-03110-JMS-MJD<br>)<br>) |
| FACILITY CONCEPTS, INC., | )<br>) |
| Defendant. | ) |

# **ORDER**

Elvis Neely was an employee at Facility Concepts, Inc. ("Facility Concepts") from July 2013 until he was involuntarily terminated in August 2016. [Filing No. 1-2 at 3.] Mr. Neely claims that Facility Concepts had an unfair and unlawful systematic policy of rounding its employees' pay in a manner detrimental to its employees. [Filing No. 1-2 at 3-4.] Mr. Neely initiated this litigation on behalf of himself and others similarly situated, alleging that Facility Concepts violated the Fair Labor Standards Act ("FLSA"), the Indiana Wage Payment Statute ("IWPS"), and the Indiana Wage Claims Act ("IWCA"), and asserting a claim under the common law theory of quantum meruit. [Filing No. 1-2 at 7-11.] On April 4, 2017, the Court granted in part and denied in part Facility Concepts' Motion to Dismiss, finding that Mr. Neely failed to state individual and class claims under the IWPS and the common law theory of quantum meruit. The Court found that he can proceed with individual and class claims under the IWCA. [Filing No. 31 at 12-13.] Mr. Neely's FLSA claim also remains as it was not challenged in the motion to dismiss. [Filing No. 31 at 12-13.]

Presently pending before the Court is Mr. Neely's Motion to Amend Order [No. 31] to Include Certification for Interlocutory Appeal & to Stay Proceedings Pending Resolution. [Filing

No. 36.] For the reasons detailed below, the Court **GRANTS** in part Mr. Neely's motion, to the extent that it amends its April 4, 2017 Order, and **DENIES** it in part, to the extent that it will not certify Mr. Neely's interlocutory appeal.

# I.
## DISCUSSION

### A. Motion to Amend

Before addressing Mr. Neely's arguments regarding his request for an interlocutory appeal, the Court will first amend its April 4, 2017 Order, [Filing No. 31]. Clarifying this issue will help the Court's analysis of Mr. Neely's motion for an interlocutory appeal.

Mr. Neely claims that the issue that he seeks to certify in his interlocutory appeal is "whether a putative class representative, who is permitted to bring a claim under the [IWCA], may represent a class composed both of persons seeking relief under the IWCA and the [IWPS], where the putative class representative cannot bring a claim under the IWPS for himself." [Filing No. 36 at 2.]

In response, Facility Concepts argues that the relevant question here is "whether Mr. Neely, a fired employee, has standing to bring a claim under the [IWPS], a statute that by design does not cover fired employees." [Filing No. 37 at 2.] It argues that numerous courts have answered that question with "no," and that "the law is well-settled that a named plaintiff cannot piggyback on the standing of putative class members if he himself does not have standing in the first place." [Filing No. 37 at 3.]

In reply, Mr. Neely argues that the Court's Order correctly recognized that "the issue here is one of adequacy," not standing, and that what he contends is that the class representative is not required to have standing under every cause of action asserted by the class. [Filing No. 38 at 2-3.]

2

The Court acknowledges that it stated in its April 4, 2017 Order that "[b]ecause Mr. Neely does not fall under the category of claimants who can pursue a claim under the IWPS, he cannot adequately represent the interests of those potential class members." [Filing No. 31 at 7.] Although it used that terminology, the Court's reference to Mr. Neely's adequacy was not the actual basis of the Court's ruling, but rather a conclusion that resulted from it. The Court now clarifies that the basis of its holding is that Mr. Neely lacks standing to pursue a claim under the IWPS because he was involuntarily terminated. Since he fails as a plaintiff on standing grounds, he therefore cannot assert claims on behalf of claimants who seek compensation pursuant to the IWPS.[1] As the Court noted in its April 4, 2017 Order, "[t]o have standing to sue as a class representative it is essential that a plaintiff must be a *part of that class*, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Keele v. Wexler*, 149 F.3d 589, 592-93 (7th Cir. 1998) (emphasis added) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974) (citations omitted)); *see Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) ("a class representative must be part of the class and possess the same interest and suffer the same injury as the class members"); *see also Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("[A] named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action."). Because he falls under a different category of claimants, Mr. Neely

---

[1] The Indiana legislature created two separate categories of employees seeking compensation for unpaid wages: involuntarily terminated employees must assert their claims under the IWCA, and employees who voluntarily left their employment must assert their claims under the IWPS. *St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002).

3

does not have standing to pursue a claim under the IWPS, and therefore he cannot represent a class that may have a claim pursuant to the IWPS.

**B. Motion for Certification of Interlocutory Appeal**

*1. Standard of Review*

28 U.S.C. § 1292(b) allows for an interlocutory appeal when that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of litigation." *Richardson Elecs, Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). Thus, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).

*2. Interlocutory Appeal*

Mr. Neely claims that he meets all requirements of an interlocutory appeal. He claims that the question that he presents is a pure question of law that is controlling and contestable, that resolution of the question of law will speed up litigation, and that his request was filed within a reasonable time after the Court's Order. [Filing No. 36 at 3-13.] He also asks the Court to stay the litigation pending appeal. [Filing No. 36 at 13.] In turn, Facility Concepts points out that Mr. Neely identifies the wrong question of law, and that the actual question of law is neither controlling nor contestable. [Filing No. 37 at 2-6.] The Court will address the issues that the parties dispute.

a. Question of Law

As noted above, the question of law that Mr. Neely seeks to certify in his interlocutory appeal is "whether a putative class representative, who is permitted to bring a claim under the

[IWCA], may represent a class composed both of persons seeking relief under the IWCA and the [IWPS], where the putative class representative cannot bring a claim under the IWPS for himself." [Filing No. 36 at 2.]

In response, Facility Concepts argues that the relevant question here is "whether Mr. Neely, a fired employee, has standing to bring a claim under the [IWPS], a statute that by design does not cover fired employees." [Filing No. 37 at 2.]

The Court agrees with Facility Concepts that the question of law that Mr. Neely's motion presents is whether he has standing to bring a claim under the IWPS.

### b. Controlling Question of Law

Mr. Neely argues that the question of law that he presents is controlling. [Filing No. 36 at 4.] He argues that the question is significant to the conduct of the litigation because it is not known how many persons, other than Mr. Neely, may bring claims under the IWCA. [Filing No. 36 at 5.] He further contends that the removal of class members who sought claims pursuant to the IWPS "substantially diminishes the number of potential class members, and may make class certification impossible . . . ." [Filing No. 36 at 5.] Mr. Neely claims that this is important since the IWPS and IWCA provide a remedy for the failure to pay the full amount of wages owed. [Filing No. 36 at 5.]

Facility Concepts argues that the question of law is not controlling because it does not affect Mr. Neely's ability to seek all his alleged damages under the IWCA. [Filing No. 37 at 3.] It further claims that Mr. Neely's reason for seeking certification of the issue is not because of any concern about being unable to recover damages he is due, but because the dismissal of the IWPS claims means that there may not be a Rule 23 opt-out class. [Filing No. 37 at 3.]

5

In reply, Mr. Neely argues that even considering Facility Concepts' argument, it does not explain how the question is not controlling, since that argument still meets the "understanding of 'controlling' utilized in this Circuit." [Filing No. 38 at 4.]

The issue of whether Mr. Neely has standing to represent class members that assert IWPS claims does not affect the course of this litigation. Mr. Neely's individual and class claims under the IWCA and his FLSA claim will continue to move forward. The Court finds that the question of law is not controlling.

### c. Contestable Question of Law

Mr. Neely argues that the question of law is contestable, and points out that "the underlying question is one of broader class action procedure: whether a single class may consist of persons who have substantially similar claims that arise under different causes of action." [Filing No. 36 at 7.] He claims that the real issue here is not whether he meets the class definition, but whether "that definition is impermissibly expansive because it includes two distinct groups of persons: those with IWCA claims and those with IWPS claims." [Filing No. 36 at 7.] Mr. Neely cites to case law that he claims demonstrates that class representatives were able to represent classes that include persons who pursued claims under different statutes, which he states occurred most frequently across state borders. [Filing No. 36 at 7-8.] He further argues that the IWPS and the IWCA are identical because both statutes use the same enforcement mechanism, and that the only difference is the procedural prerequisite. [Filing No. 36 at 8-9.]

In response, Facility Concepts argues that the issue is not contestable for three reasons: his lack of standing under the IWPS is not contestable; his attempt to use multi-state class action and multi-district litigation procedures to create contestability should be rejected; and this is not a question of class certification, but rather, a question of Indiana statutory law, the different

6

populations they cover, and whether Mr. Neely has standing to bring a claim under a statute that does not apply to him. [Filing No. 37 at 4-7.]

In reply, Mr. Neely reiterates that even though he brought a claim under the IWCA, under the Federal Rule of Civil Procedure 23, he can still represent the interest of those who have claims under the IWPS because the claims are identical. [Filing No. 38 at 2.] He claims that "the class representative is not required to have standing under every cause of action asserted by the class." [Filing No. 38 at 3.]

As noted several times above, Mr. Neely's question of law boils down to whether he can persist in pursuit of a claim seeking a statutory remedy under the IWPS, even though he has no standing to bring such a claim. Under Indiana law, Mr. Neely can only assert a claim under the IWCA. As noted in Part I.A of this Order, this question has already been answered: a class representative must be part of the class that he seeks to represent. *See Keele*, 149 F.3d at 592-93. Since Mr. Neely cannot pursue a claim under the IWPS, he cannot serve as the class representative for those who seek to assert claims pursuant that statute.

In addition, Mr. Neely makes baseless statements, including that the class representative is not required to have standing for every cause of action asserted by the class, while failing to cite to any relevant legal authority to support his position. Mere disagreement with the Court's decision does not render an issue contestable. Moreover, the cases that Mr. Neely relies on are inapposite because they deal with multi-district and multi-state class actions. The issue of whether Mr. Neely has standing requires the interpretation of two Indiana statutes, and the Court relies on authority construing Indiana law. That authority is clear – the Indiana legislature created two separate categories of employees seeking compensation for unpaid wages: involuntarily terminated employees must assert their claims under the IWCA, and employees who voluntarily left their

employment or who remian employed must assert their claims under the IWPS. *Steele*, 766 N.E.2d at 705. Because Mr. Neely's question of law is not an issue that is contestable, the Court denies Mr. Neely's petition to seek an interlocutory appeal.[2]

## II.
### CONCLUSION

For the reasons detailed above, the Court **GRANTS** in part and **DENIES** in part Mr. Neely's Motion to Amend Order [No. 31] to Include Certification for Interlocutory Appeal & to Stay Proceedings Pending Resolution. [Filing No. 36.]

Date: June 1, 2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Edward E. Hollis
FAEGRE BAKER DANIELS LLP (Indianapolis)
edward.hollis@faegrebd.com

Rozlyn M. Fulgoni-Britton
FAEGRE BAKER DANIELS LLP (Indianapolis)
rozlyn.fulgoni-britton@faegrebd.com

Sarah Elizabeth Caldwell Breslin
FAEGRE BAKER DANIELS LLP (Indianapolis)
sarah.breslin@faegrebd.com

---

[2] Given that Mr. Neely's motion to seek an interlocutory appeal has been denied, the Court need not stay the proceedings since the litigation will move forward.

Eric S. Pavlack
PAVLACK LAW LLC
eric@pavlacklawfirm.com

Colin E. Flora
PAVLACK LAW, LLC
Colin@PavlackLawFirm.com